5315.

(Court of Appeal, Parish of Orleans).

# SALMEN BRICK AND LUMBER COMPANY, LTD., vs. H. C. DECKBAR, ET AL.

1. The furnishers of material are entitled to demand payment of the surety on the contractor's bond from the time the debts fell due and the contractor failed to pay them.

2. They are not compelled to await completion of the entire contract before presenting their attested accounts, and the controversies between the contractor, the surety and the owner cannot, in any manner, affect their rights.

Appeal from the Civil District Court, Division "D."

Lemle, Jones & Moreno, for plaintiff and appellee.

Rouse, Grant & Grant, for appellant.

Cage, Baldwin & Crabites; H. Kaiser, attorneys.

DUFOUR, J.—Two furnishers of materials used in the construction of a building, sue the owner, the contractor and the surety for their value, under Act 134 of 1906.

They allege and prove that the materials were furnished and used, that the amount is due and attested accounts were duly served and recorded.

The surety denied liability, plead the prescription of forty-five days under the statute and asked that the owner be ordered to deposit in court the balance due the contractor and to call a concursus.

The owner claims that the building has not been completed and states that he has retained the amount of the last payment in order to effect the completion.

The two suits were consolidated, and there was judgment in favor of the two plaintiffs and against the three defendants as prayed for, with the reservation that, quoad the owner, the liability should be restricted to the amount left after the expenses of completion had been paid. The owner was further directed to do the work within twenty days.

Judgment was allowed the contractor and surety company against the owner for the same balance, and the surety company was decreed entitled to recover from the contractor any amount it should pay for him. An intervenor for a sum less than $100, was properly thrown out of court for want of jurisdiction ratione materiae, the instant proceedings not being a concursus.

With the single exception that the indebtedness of the owner should be fixed at $620, instead of $600, we find no error in the judgment of the district court.

There can be no doubt that the plaintiffs were entitled to demand payment of the surety from the time the debts were due and the contractor failed to pay; they were not compelled to await completion before filing and recording their attested accounts. The controversies between the contractor, the surety and the owner could not affect their rights.

Nor can the owner be compelled to deposit for purposes of a concursus the amount of the last payment; non constat that when he has done the work of completion, there will be any balance due by him to the contractor. Under the Act of 1904, there is no obligation on his part to provoke a concursus until after completion of the work.

Whatever may be the amount of the outstanding claims, the surety cannot be held beyond the amount of his bond, and he will recover the amount due by the owner, the moment it is ascertained.

(See 5286, Ct. of App).

— 381 —

As we understand the decree, the work must be done by the owner within twenty days from the finality of the judgment, or else, the judgment against him will become executory. We perceive in such judgment no such uncertainty as will prevent execution and the surety does not suggest any particular form of amendment in this respect.

The plaintiffs, at the argument abandoned their objection on that score, and the owner has neither appealed nor answered the appeal.

The judgment is amended by limiting the liability of the owner to $620, instead of $600, and, as amended, the judgment is affirmed, costs of appeal to be paid by the Quedsada Company, Limited.

May 29, 1911.

————o————

5324.

(Court of Appeal, Parish of Orleans).